UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEPH ACQUISITIONS, LLC, *by and through its authorized member*, JOSEPH CHIBUZOR CHIMA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>READYCAP LENDING, LLC,<br><br>　　　　　　　Defendant. | Civil Action No.<br><br>24-11335 (JXN) (LDW)<br><br>**MEMORANDUM ORDER AND REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

　　This matter comes before the Court by way of a motion by plaintiff Seph Acquisitions, LLC, signed and filed by *pro se* party Joseph Chibuzor Chima as its "authorized member," to substitute Chima as *pro se* plaintiff. (ECF 13, 16). Defendant ReadyCap Lending, LLC opposes the motion. (ECF 14). This motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, plaintiff's Motion to Substitute is **DENIED**. Furthermore, plaintiff Seph Acquisitions, LLC having failed to comply with the Court's March 11, 2025 Order to appear by counsel, it is respectfully recommended that this action be **DISMISSED WITHOUT PREJUDICE**.

　　　　　　　　　　　　　　　**I.　　BACKGROUND**

　　Briefly, the complaint alleges that "Plaintiff, Seph Acquisitions, LLC, secured an SBA-backed loan (Loan #10798316101) from Defendant, ReadyCap Lending, LLC," to acquire a landscaping business. (Compl. ¶ III.1.1, ECF 1). The loan agreement, which is attached to the complaint as Exhibit G, confirms that the borrower is Seph Acquisitions, LLC and "Joseph Chima, individually" is one of two guarantors for the loan. (ECF 1-4). "Plaintiff later encountered

financial hardship . . . leading to difficulties in continuing monthly payments," (Compl. ¶ III.2.2), so it attempted to discharge the entirety of the loan balance by mailing defendant an "International Bill of Exchange."[1] (*Id.* ¶ III.5). Defendant rejected the International Bill of Exchange and demanded that the loan payment be made in legal tender by "certified check, ACH, or wire exclusively." (*Id.* ¶ III.7.1). Plaintiff now asserts claims for breach of contract, violation of public policy, and violation of the Fair Debt Collection Practices Act arising from defendant's refusal to accept the International Bill of Exchange as satisfaction of its debt. (*Id.* ¶ IV).

On January 27, 2025, plaintiff requested entry of default against defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF 7). The Court denied this application in light of the fact that defendant had appeared in this action and filed a motion to dismiss. (ECF 9). The Court further noted that corporate entities must be represented by counsel in federal court, and as such, *pro se* party Joseph Chima's ability to seek any relief on behalf of Seph Acquisitions, LLC had not been established. (ECF 9). Plaintiff subsequently filed a "Motion for Leave to Accept Late Filing of Opposition to Defendant's Motion to Dismiss." (ECF 10). Again noting that a limited liability company cannot proceed *pro se* and "there is nothing in the record to indicate that Chima is a licensed attorney authorized to request an extension of time to file opposition to the Motion to Dismiss or any other relief on behalf of Seph Acquisitions, LLC," the Court entered an Order dated March 11, 2025 directing plaintiff to appear by counsel on or before April 15, 2025 or face dismissal of its claims. (ECF 12). Plaintiff did not retain counsel and instead filed a motion

---

[1] *See Harp v. Police & Fire Fed. Credit Union*, 23-cv-2577 (GAM), 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (noting that "bill of exchange" created by *pro se* plaintiff is "not a valid financial instrument, and other courts nationwide have rejected such 'frivolous' attempts to satisfy a debt through a fictitious 'bill of exchange'").

to substitute *pro se* party Joseph Chima, in his individual capacity, in place of Seph Acquisitions, LLC as the plaintiff. (ECF 13).

## II. DISCUSSION

"'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.' The same applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)). *See In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel."); *W. Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, 21-cv-17662 (GC), 2024 WL 3580746, at *3 (D.N.J. July 30, 2024) ("It is well settled that a limited liability company, like Brooklyn Textiles, must be represented by counsel to prosecute a claim in this District."). Despite his status as an "authorized member," *pro se* party Chima cannot represent the LLC himself. *See Goldstein v. Roxborough Real Estate, LLC*, 15-cv-3835 (PGS), 2018 WL 504398, at *3 (D.N.J. Jan. 22, 2018) (rejecting *pro se* plaintiff's effort to pursue claims on behalf of his LLC because the "claims against Defendants arise from rights and interests of the limited partnerships, not Plaintiff himself. . . . [A]ny alleged tort or contractual duty owed by Defendants was owed to the limited partnerships, not to Plaintiff personally. And since these limited partnerships need to be represented by counsel, Plaintiff, a non-attorney, cannot bring these claims on their behalf"), *aff'd*, 741 F. App'x 143 (3d Cir. 2018); *In re 69 N. Franklin Tpk., LLC*, No. 16-cv-02254 (CCC), 2017 WL 773875, at *3 (D.N.J. Feb. 28, 2017) ("[A] business entity must appear in federal court through an attorney at law admitted to practice, rather than through a non-attorney representative of the entity."). The

Court ordered Seph Acquisitions, LLC to appear by counsel by a date certain and warned plaintiff that failure to do so could result in dismissal of its claims. To date, no attorney has entered an appearance on behalf of the LLC.

Instead, Chima seeks to substitute himself as plaintiff in place of the LLC pursuant to Rule 17 of the Federal Rules of Civil Procedure. As an initial matter, "[a] filing by a non-lawyer on behalf of another person or entity cannot be considered by the Court" as "it is a legal nullity that the Court cannot adjudicate, and it must be dismissed." *Id.* at *3, *4. *See Next Day Marble & Granite, Inc. v. Vardi*, 20-cv-00669 (SES), 2021 WL 5863995, at *1 (M.D. Pa. Mar. 24, 2021) ("We may strike filings or deny motions which a *pro se* litigant purports to offer on behalf of an LLC."). Thus, the motion to substitute is not properly before the Court.

Even if the Court could consider the substitution motion, it would be denied. Because "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), Rule 17 permits "a new party [to] be substituted to ensure the real party in interest has his day in court." *Scott v. Vantage Corp.*, 845 F. App'x 170, 180 (3d Cir. 2021). Rule 17 is intended "to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment. "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Adv. Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997).

Thus, substitution under Rule 17 is only appropriate if Chima, not the LLC, is the real party in interest for the claims pleaded in the complaint. "A real party in interest has the legal right to enforce a claim." *Taggart v. Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley ABS Cap. Inc. Tr. 2007-HE 2, Mortg. Pass Through Certificates, Series 2007-HE 2*, No. 21-2278, 2023 WL

4

4578801, at *1 (3d Cir. July 18, 2023) (per curiam). With respect to plaintiff's breach of contract claim – which challenges defendant's refusal to discharge Seph Acquisitions, LLC's loan – the real party in interest is Seph Acquisitions, LLC, the borrower named in the loan agreement at issue. With respect to plaintiff's public policy claim – which challenges defendant's demand for loan payments to be made by certified check, ACH, or wire – again, the borrower is the real party in interest. Finally, with respect to the Fair Debt Collection Practices Act claim, the real party in interest is the debtor, Seph Acquisitions, LLC. Although Chima is named as a guarantor on the loan agreement, the complaint asserts no claims on behalf of Chima in his individual capacity or arising from the guarantee. All of the claims asserted in the complaint are premised on alleged duties owed by defendant to Seph Acquisitions, LLC pursuant to a loan agreement between those parties. There is no contention that Chima made an "understandable mistake" in naming Seph Acquisitions, LLC as the plaintiff when drafting the complaint, nor can his decision to do so be construed as a "technical" error. It is evident that Chima seeks substitution not to correct the identity of the proper plaintiff but in a misguided effort to continue this action in a *pro se* capacity despite the Court's Order directing the corporate plaintiff to appear by counsel; indeed, plaintiff explicitly argues that the proposed substitution "eliminates the need for LLC representation." (ECF 16). As Seph Acquisitions, LLC is the real party in interest, the motion to substitute the LLC's *pro se* "authorized member" Chima as plaintiff is improper and therefore denied. *See Baymont Franchise Sys., Inc. v. Bernstein Co., LLC*, 18-cv-620 (JBC), 2019 WL 12434796, at *2 (D.N.J. Dec. 13, 2019) (denying motion to substitute *pro se* member of LLC in place of corporate

entity because "Bernstein's request to substitute himself for the Company represents an attempt to circumvent the prohibition against corporate entities proceeding *pro se*").[2]

As discussed above, Seph Acquisitions, LLC's claims cannot proceed absent legal representation. The Court ordered the LLC to appear by a licensed attorney no later than April 15, 2025, but it has not done so. There is nothing more the Court can do to move this case to a resolution on the merits, and, as a result, the Court recommends that the complaint be dismissed without prejudice. Typically, the Court considers the factors set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), to determine whether dismissal of the complaint is appropriate, but "it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel – that is, without a full *Poulis* analysis." *Sync Labs LLC v. Fusion Mfg.*, 11-cv-3671 (WHW), 2014 WL 2601907, at *4 (D.N.J. June 11, 2014). *See, e.g.*, *CRA, Inc. v. Ozitus Int'l, Inc.*, 16-cv-5632 (JBS), 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (finding *Poulis* analysis unnecessary where corporate plaintiff failed to appear by counsel and dismissing complaint with prejudice); *Curbison v. U.S. Gov't of N.J.*, 05-cv-5280 (JBS), 2006 WL 3544560, at *4 (D.N.J. Dec. 7, 2006) ("Because Plaintiffs Neleh Company [LLC] and Black Eagle [LLC] are represented by *pro se* plaintiff Achilles Curbison, and not by licensed counsel, the Amended Complaint must be dismissed as to those two plaintiffs."), *aff'd*, 242 F. App'x 806 (3d Cir. 2007) (per curiam).

In any event, the *Poulis* analysis supports dismissal. The *Poulis* factors are:

(1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the

---

[2] To the extent Chima, on behalf of the LLC, alternatively seeks leave to amend the complaint for the sole purpose of naming himself as plaintiff, such amendment would be denied for the same reasons – he cannot file motions on behalf of an LLC, and he is not a proper plaintiff with respect to the claims asserted.

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

Here, *pro se* plaintiff alone is responsible for its failure to comply with the Court's March 11, 2025 Order to appear by counsel. Plaintiff has not sought an extension of the deadline to retain counsel or indicated that it has any intention of complying. Plaintiff's failure to retain counsel as directed has interfered with defendant's ability to fairly defend itself and has forced defendant to expend resources to respond to improper submissions, including the substitution motion. With respect to dilatoriness, plaintiff has ignored two warnings regarding the necessity of counsel and has taken no action to remedy its lack of representation over the past three months. The Court does not conclude that plaintiff has acted in bad faith, but there is no doubt that its failure to retain counsel and instead seek improper substitution to circumvent the Court's Orders is willful. As plaintiff cannot prosecute this case without legal representation, no lesser sanction than dismissal is available or likely to be effective. Finally, while the Court makes no definitive judgments about the meritoriousness of plaintiff's claims, it must be noted that courts nationwide repeatedly have rejected as frivolous claims premised on the sovereign citizen theory "that financial obligations may be satisfied by an 'International Bill of Exchange.'" *Swinton v. Walk*, 24-cv-4496 (CFK), 2024 WL 4394738, at *3 (E.D. Pa. Oct. 3, 2024). On balance, the *Poulis* factors weigh in favor of dismissing plaintiff's complaint.

### III.   CONCLUSION

For the foregoing reasons, plaintiff's Motion to Substitute (ECF 13) is **DENIED** and the Court recommends that the complaint be dismissed without prejudice due to Seph Acquisitions,

LLC's failure to appear by counsel. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Julien Xavier Neals, U.S.D.J.

Dated: June 6, 2025

                                               *s/ Leda Dunn Wettre*
                                               Hon. Leda Dunn Wettre
                                               United States Magistrate Judge

cc:     Hon. Julien Xavier Neals, U.S.D.J.