**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SEPH ACQUISITIONS, LLC, *by and through its authorized member,* JOSEPH CHIBUZOR CHIMA,<br><br>Plaintiff,<br><br>v.<br><br>READYCAP LENDING, LLC,<br><br>Defendant. | Civil Action No. 24-11335 (JXN) (LDW)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

**WHEREAS** *pro se* plaintiff Joseph Chibuzor Chima ("Chima") initiated this action on December 19, 2024, purporting to assert breach of contract and other claims on behalf of Steph Acquisitions, LLC ("Steph Acquisitions" or "Plaintiff") against Defendant ReadyCap Lending, LLC ("Defendant") arising from Defendant's refusal to accept an "International Bill of Exchange" ("IBOE")[1] in satisfaction of an SBA-backed loan Steph Acquisitions secured from Defendant (*see* Compl., ECF No. 1); and

**WHEREAS** on February 21, 2025, Magistrate Judge Leda Dunn Wettre ("Judge Wettre") denied Plaintiff's request for entry of default after Defendant appeared and moved to dismiss. (*See* ECF Nos. 4, 7, 9.) In the Order, Judge Wettre explained, among other things, that Steph Acquisitions could not proceed in federal court through a non-attorney representative (*see* ECF No. 9); and

---

[1] *See Harp v. Police & Fire Fed. Credit Union*, 23-2577, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (noting that "bill of exchange" created by *pro se* plaintiff is "not a valid financial instrument, and other courts nationwide have rejected such 'frivolous' attempts to satisfy a debt through a fictitious 'bill of exchange'").

**WHEREAS,** thereafter on March 11, 2025, and in response to Plaintiff's motion for leave to file a late opposition to Defendant's motion to dismiss (ECF No. 10), Judge Wettre again advised that a limited liability company may not appear *pro se* and noted that nothing in the record suggested Chima was a licensed attorney authorized to litigate on Steph Acquisitions' behalf. (ECF No. 12.) Accordingly, Judge Wettre ordered Steph Acquisitions to obtain counsel by April 15, 2025, warning that failure to do so could result in dismissal of its claims (*id.*); and

**WHEREAS** rather than retain counsel, Chima filed a motion on March 17, 2025, seeking to substitute himself, in his individual capacity, as plaintiff pursuant to Fed. R. Civ. P. 17. (ECF No. 13.) Chima signed the motion as Steph Acquisitions' "Authorized Member" (*id.*); and

**WHEREAS** on June 6, 2025, Judge Wettre denied Plaintiff's motion to substitute and issued a Memorandum Order and Report and Recommendation ("R&R") recommending dismissal of the complaint without prejudice because Steph Acquisitions had failed to comply with the March 11, 2025 Order requiring representation by counsel (ECF No. 16); and

**WHEREAS** on July 10, 2025, this Court adopted the R&R, denied the motion to substitute, and dismissed the complaint without prejudice. (ECF No. 17.)[2] The Court further ordered Steph Acquisitions to have licensed counsel enter an appearance no later than August 11, 2025, advising that failure to comply would result in a dismissal with prejudice (*id.*); and

**WHEREAS** eleven days later, instead of complying with the Court's July 10, 2025 Order by securing counsel for Steph Acquisitions, Chima filed a new action in his own name, *Chima v. Readycap Lending, LLC*, Civil Action No. 25-13597 (JXN)(LDW) ("*Chima II*"). Although styled as an individual action, *Chima II* arises from the same SBA loan, the same alleged tender of the IBOE, Defendant's refusal to accept that instrument as payment, and the same alleged resulting

---

[2] The Court's Order also denied Defendant's motions to dismiss the Complaint (ECF Nos. 4, 15) as moot.

damages that formed the basis of this matter. (*Compare* Compl., with *Chima II,* Compl., ECF No. 1[3]); and

**WHEREAS**, rather than comply with the Court's July 10, 2025, directive that Steph Acquisitions obtain counsel, Chima commenced a new action asserting substantially the same factual allegations and legal theories in his own name after the Court had denied his request to substitute himself as plaintiff in this action; and

**WHEREAS**, Seph Acquisitions, LLC, failed to appear by counsel within the time prescribed in, nor did it request an extension to do so; therefore, the Court now dismisses this matter with prejudice pursuant to the July 10 Order; and

**WHEREAS** district courts have an inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Accordingly,

**IT IS** on this 25th day of June 2026,

**ORDERED** that the Complaint (ECF No. 1) is **DISMISSED *with prejudice***;[4] it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter; and it is further

---

[3] In *Chima II*, Chima asserts breach of contract (Count I); violation of UCC §§ 3-603 and 3-604 (Count II); and unjust enrichment (Count III). (*See id.* ¶¶ 13–21.) As relief, Plaintiff seeks compensatory damages and declaratory relief. (*Id*. at *2.)

[4] Rule 41(b) of the Federal Rules of Civil Procedure, **Involuntary Dismissal; Effect**, provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Further, in *Semtek Int'l Inc. v. Lockheed Martin Corp.*, the Supreme Court cautioned that Rule 41(b) was not intended to govern federal claim preclusion. *See* 531 U.S. 497, 501-06 (2001). Instead, Rule 41(b)'s reference to "adjudication on the merits" should be read as shorthand for "dismissal with prejudice," and the effect of dismissal with prejudice under Rule 41(b) is simply to prevent the losing party from bringing the same claims back to the same court. *Id*. at 505–06. By implication, dismissal with prejudice under Rule 41(b) does not necessarily preclude bringing the same claims to a different court. *Jackson v. Dow Chem. Co.*, 902 F. Supp. 2d 658, 669–70 (E.D. Pa. 2012), aff'd, 518 F. App'x 99 (3d Cir. 2013) (citing *Semtek*, 531 U.S. at 505–06). Accordingly, this Order prevents Plaintiff from bringing the same claims in this Court.

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by

regular U.S. mail.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**